**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Action No. 08-cv-02139-LTB-KLM

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,

    Plaintiff,

v.

ALSTOM POWER, INC.,
TIC—THE INDUSTRIAL COMPANY, and
ZURICH AMERICAN INSURANCE COMPANY,

    Defendants.

_____

**ORDER**
_____

    This construction defect insurance case is before me on Defendant, Alstom Power Inc.'s ("Alstom"), Opposed Motion to Transfer Venue [**Docket # 37**] and supporting brief [**Docket # 38**], Plaintiff and Defendant TIC—The Industrial Company's ("TIC"), responses in opposition [**Docket ## 45, 46**], and Alstom's replies [**Docket ## 48, 49**]. Oral argument would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I DENY Alstom's Opposed Motion to Transfer Venue [**Docket # 37**].

**I. BACKGROUND**

    This case concerns six primary insurance policies and six umbrella insurance policies issued by Plaintiff in relation to the construction of a power plant in Hays County, Texas. Hays Energy Limited Partnership ("Hays") owns the plant. Defendant Alstom was the general

contractor for the plant's construction. TIC was a subcontractor who performed work Hays later claimed to be defective. Alstom notified TIC of Hays's claim and asserted a contractual indemnity claim against TIC. TIC then filed a declaratory judgment claim against Alstom in Texas state court in Hays County.

Hays and Alstom entered into a settlement agreement regarding the construction defect claims. The underlying dispute between Alstom and TIC was also settled by binding arbitration in TIC's favor. TIC was covered by general and excess contractor liability policies issued by Plaintiff which named Alstom as an additional insured. Under these policies, Plaintiff provided TIC a defense to certain claims asserted against it by Alstom and provided Alstom a defense against the latent defect claim asserted by Hays. Defendant Zurich American Insurance Company ("Zurich") also issued policies to TIC and Alstom, but it is unclear whether Zurich honored its obligations to provide either TIC or Alstom with a defense or indemnity.

Plaintiff brought this case to determine the obligations of each party under the various insurance contracts. Defendant Alstom now moves this Court to transfer venue to the Western District of Texas—the district encompassing the Hays power plant—pursuant to 28 U.S.C. § 1404(a).

## II. STANDARD OF REVIEW

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In making a venue inquiry under Section 1404(a), therefore, I must initially ask whether the action "might have been brought" in the proposed transferee court. It is not disputed that this case might have been brought in the Western District of Texas.

Once it has been established that the action might have been brought in the proposed transferee court, the moving party bears the burden of demonstrating that the present forum is inconvenient. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). The court must undertake a fact-specific inquiry that considers: "the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical." *See id.* at 1516. Unless the movant can show by clear and convincing evidence that the balance weighs strongly in favor of transfer, the plaintiff's choice of forum should rarely be disturbed. *See Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978); *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972); *Headrick v. Atchison, T. & S.F. Ry. Co.*, 182 F.2d 305, 310 (10th Cir. 1950). "Merely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue." *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992).

### III. ANALYSIS

#### A. Plaintiff's Choice of Forum

I begin my venue analysis by noting that Colorado is the venue of choice for both Plaintiff and TIC—the two parties who actually negotiated the contract at issue—and that only

Alstom appears to object. The insurance contracts were negotiated and issued in Colorado and TIC is a Colorado business. Plaintiff is a resident of Colorado for venue purposes. *See* 28 U.S.C. § 1391(c). None of the parties are incorporated in Texas or maintain a principal place of business in Texas. Accordingly, Plaintiff's choice weighs heavily against transfer. *See Scheidt*, 956 F.2d at 966.

## B. Conflict of Laws

Alstom argues this case will be decided under Texas state law. I disagree. As this case is brought in Colorado, Colorado conflict of law rules determine which state's law governs the dispute. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Colorado law, I resolve conflicts issues under the principles illuminated in the RESTATEMENT (SECOND) OF CONFLICTS OF LAWS (1971). *See Wood Bros. Homes, Inc. v. Walker Adjustment Bureau*, 601 P.2d 1369, 1372 (Colo. 1979). In the absence of an effective choice of law by the parties to a contract, I apply the law of the state with the most significant relationship to the transaction at issue and the parties. RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 188. Factors to be considered include: the place of contracting; the place of negotiation; the place of performance; the location of the subject matter of the contract; and the domicile, residence, nationality, place of incorporation, and place of business of the parties. *See id.*

As relevant to the claim at issue here, the place of contracting and negotiation was Colorado. The subject matter of the contract included the power plant in Texas. The place of performance was in both Colorado—where the premiums were negotiated and paid—and in Texas—where the covered work was itself performed. *See Rhody v. State Farm Mut. Ins. Co.*, 771 F.2d 1416, 1420 (10th Cir. 1985); *Pinnacle Realty Mgmt. Co. v. Nat'l Union Fire Ins. Co. of*

*Pittsburgh*, No. 06-cv-02063-WDM-CBS, 2007 WL 1970275, at *3 (D. Colo. July 3, 2007).  The parties are residents of or incorporated in multiple states, including Minnesota, Delaware, Connecticut, Colorado, and New York.

Although a facial balancing of these factors weighs in favor of Colorado as the state with the most significant relationship to the transaction at issue and the parties, the Restatement advises that the relative importance of the listed factors must be determined within the context of the claim at issue.  *See* RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 188.  Alstom argues that—as the context of the claim at issue here is an insurance contract dispute—RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 193 requires that Texas law control the dispute.  Under Section 193, interpretations of insurance policies generally "are determined by the local law of the state that the parties understood was to be the principal location of the insured risk during the term of the policy"—a location Alstom claims to be the power plant in Hays County, Texas.  *See* RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 193; *see also Gahagen Iron & Metal Co. v. Transp. Ins. Co.*, 812 F. Supp. 1106, 1108 (D. Colo. 1992); *Ackerman v. Foster,* 974 P.2d 1, 3 (Colo. Ct. App. 1998).  As the policies at issue here, however, were general liability policies covering multiple projects—not site-specific policies tied to the Hays County power plant—there is no evidence that the parties considered Texas to be the "principal location of the insured risk during the term of the policy."  *See Continental Ins. Co. v. Beecham, Inc.*, 836 F. Supp. 1027, 1036 (D.N.J. 1993) ("the relevant consideration is the location of the risks covered by the contract at the time the contract was entered into . . . not where any given insured risk came to fruition").

Even if Section 193 were controlling, this would not mandate a finding that Texas law controls this dispute. Although Section 193 lays out a general rule, it also instructs courts to consider other factors—including the needs of interstate and international systems; the relevant policies of the forum; the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; the protection of justified expectations; the basic principles underlying the particular field of law; certainty, predictability, and uniformity of result; and ease in the determination and application of the law to be applied—to determine choice of law where appropriate. Under the analysis employed by the Colorado Supreme Court when it first adopted the Restatement in *Wood Brothers*, Section 193 merely creates a "presumption [that] is not conclusive. If another state has a more significant relationship, then the law of that state will be applied." *See Wood Bros. Homes*, 601 P.2d at 1373. Where—as here—the state with the most significant relationship can be determined by applying Sections 6 and 188, it is unnecessary to apply the presumption described in Section 193. *See id.*

A balancing of the relevant factors—within the context of the insurance contracts at issue in this case—weighs in favor of Colorado as the state with the most significant relationship to the transaction at issue and the parties. Accordingly, the Restatement advises that Colorado law should apply to this dispute. *See* RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 188. As Colorado law controls this action, this factor weighs against transfer.

### C.  Availability of Witnesses and Other Sources of Proof

Alstom argues the power plant was constructed—and the defect claims litigated—in Texas. As noted by Plaintiff, however, the factual inquiry relevant to the defect issue has been

fully and finally litigated and the remaining issues concern legal questions of contract interpretation and duties to defend and indemnify.  Resolution of these legal issues will not normally require the Court to go beyond the evidence already introduced in the underlying case. *See Am. Fire & Cas. Co. v. BCORP Canterbury at Riverwalk, LLC*, 282 F. App'x 643, 649 (10th Cir. 2008).  Accordingly—under the posture of the dispute at issue—the fact that the defective welds took place in Texas does not weigh in favor of transfer.

Alstom next argues that witnesses with factual information relevant to the contract dispute are located in Texas and will be unavailable to testify in Colorado.  A review of the initial witness disclosures shows that while several of these witnesses appear to reside in Texas, many witness also appear to reside in Colorado.  Most of the designated witnesses—to the extent the residences of the witnesses can be discerned from the papers, and to the extent the witnesses are designated to testify to issues other than those already litigated in the underlying defect cases—however, appear to reside in neither Colorado nor Texas.  Alstom does not make a particularized showing that any of these witnesses will be inconvenienced by having this case heard in Colorado, nor that the balance of inconvenience to the witnesses weighs in favor of having this case heard in Texas instead.  Moreover, many of the witnesses who reside in Texas are Alstom employees and—even if an appearance in Colorado is inconvenient—have an incentive to testify in this Court on Alstom's behalf.  *See Galvin v. McCarthy*, 545 F. Supp. 2d 1176, 1183–83 (D. Colo. 2008) ("In the case at bar, because the vast majority of the individuals who are inconvenienced by a Colorado venue are Defendants' executives and employees, transferring the venue to Texas would merely shift inconvenience from Defendants to Plaintiff.").  Accordingly, this factor also does not weigh in favor of transfer.

## IV.  CONCLUSION

Plaintiff has chosen Colorado as the venue for this action.  This choice is entitled to deference and will not be disturbed unless Alstom can show by clear and convincing evidence that a balancing of the relevant factors weighs strongly in favor of transferring venue.  As Alstom fails to make such a showing here, transfer is inappropriate.  Accordingly, Alstom's Opposed Motion to Transfer Venue [**Docket # 37**] is DENIED.


Dated: April   21  , 2009.

                                      BY THE COURT:

                                         s/Lewis T. Babcock
                                      Lewis T. Babcock, Judge